**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| 

CMT DEVELOPERS, LLC,                              |     No. 20 Civ. 1853 (JMF)(DCF)

                Plaintiff,     |

        -against-                            |

US CAPITAL GLOBAL PARTNERS, LLC,       |
and ISH SPENCER,                                  |

              Defendants.     |

_____


**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS OR STAY FOR**
**ARBITRATION, OR ALTERNATIVELY, TO TRANSFER VENUE**


James C. Kelly (JK-9616)
The Law Office of James C. Kelly
244 5th Avenue, Suite K-278
New York, New York 10001

Attorney for Defendants US CAPITAL
GLOBAL PARTNERS, LLC, and ISH SPENCER

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES…………………………………………………...……….…...…….ii

PRELIMINARY STATEMENT……………………………………………………….……..1

PLAINTIFF AGREED TO ARBITRATION IN CALIFORNIA……………………...…….2

ARGUMENT……………………………………………….…………………………………..3

POINT I - THIS ACTION SHOULD BE DISMISSED OR STAYED FOR ARBITRATION…...3

POINT II - ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO
CALIFORNIA SO THAT ARBITRATION MAY BE COMPELLED THERE……………...…..5

    A.     There is a Mandatory Forum Selection Clause……………………………..…….5

    B.     A Transfer is also Appropriate for Forum Non Conveniens.……………..…..…5

          1.     Plaintiff's Choice of Forum Should Be Given Little Weight……………..6

          2.     The Majority of Witnesses Are Located in California……………………7

          3.     Most of the Sources of Proof Are Located in California…………………8

          4.     Convenience of the Parties………………………………………………...8

          5.     Locus of Operative Facts…………………………………………………8

          6.     Availability of Process to Compel Attendance of Unwilling Witnesses..….9

          7.     Relative Means of the Parties……………………………………………..9

CONCLUSION……………………………………………………………….……….......9

i

## TABLE OF AUTHORITIES

**CASES**                                                                                      **Page**

*D.H Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)...................................................................................6

*Merrill Lynch, Penner, Fenner & Smith, Inc. v. Lauer*,
    49 F.3d 323 (7th Cir. 1995)...............................................................................4

*Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1, (1983)............................................................................................4

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
    128 F.3d 103 (2d Cir. 1997)..............................................................................4

*Provident Bank v. Kabas*,
    141 F.Supp.2d 310 (E.D.N.Y. 2001).................................................................4

*Sea Spray Holdings, Ltd v. Pali Fin. Group, Inc*.,
    269 F.Supp.2d 356 (S.D.N.Y. 2003)..................................................................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)..........................................................................................6

*Quan v. Computer Sci. Corp*.,
    CV 06-3927 (CBA) (JO), 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y. Jan. 8, 2008)...........7-9

**STATUTES**                                                                                   **Page**

Federal Arbitration Act, 9 U.S.C. § 1 et seq…..……………………………….…………..3

9 U.S.C. § 3………………………………………………………………………………..3

9 U.S.C. § 4………………………………………………………………………....……3, 4

28 U.S.C. § 139l(b)..............................................................................................5

28 U.S.C. § 139l(c)..............................................................................................5

28 U.S.C. § 1404(a)............................................................................................6

28 U.S.C. § 1406(a)............................................................................................5

Defendants US CAPITAL GLOBAL PARTNERS, LLC ("USCGP") and ISH SPENCER ("Spencer"), collectively "Defendants", respectfully submit this Memorandum of Law in support of their motion to dismiss or stay for arbitration, or alternatively, to transfer venue.

In support thereof, Defendants respectfully show the Court as follows:

## PRELIMINARY STATEMENT

Plaintiff CMT Developers LLC ("CMT" or "Plaintiff") has filed claims against Defendants for: (1) Fraud in the Inducement; (2) Declaratory Judgment; and (3) Conversion. *See* Verified Complaint, ¶¶ 34-50, attached as Exhibit A to the Deceleration of Charles V. Towle submitted in support herewith (the "*Towle Decl.*").

Plaintiff's claims are based on a "Letter of Intent" entered into between USCGP and Plaintiff in August 2019, whereby USCGP agreed to provide Plaintiff a credit facility of up to $55,000,000. *See* Verified Complaint, ¶ 10. The Letter of Intent provided that USCGP would be paid "Two percent (2.00%) of the total credit facility amount secured for the Company, payable at closing, as well as two percent (2.00%) on any increases that may be secured for the Company. The minimum Banking Fee for the Term Loan Facility shall be $1,100,000." *See* Exhibit A to the Verified Complaint.

Plaintiff entered into a Fee Agreement with USCGP, in September 2019. *See* Exhibit B to the Verified Complaint. Pursuant to Schedule 1 of the Fee Agreement, Plaintiff agreed to the following:

> 1. **BANKING FEES** Client shall pay a contingent banking fee (the "Banking Fee") based upon the successful consummation of each of the following types of transactions, irrespective of whether the transaction was funded or sourced by USCGP or by Client or a third party. 1.1 Debt Two percent (2.00%) of the principal amount of any debt facility commitment as well as two percent (2.00%) on any increases provided to Client by any lender, including any lender now providing a debt facility or financing to

Client.  The Minimum Banking Fee under this paragraph [1.1] shall be one million one hundred thousand US dollars ($1,100,000.00).

USCGP secured the credit facility sought by Plaintiff.  Plaintiff now seeks to avoid paying the agreed upon fees.

In the Letter of Intent and in the Fee Agreement, Plaintiff agreed to mandatory arbitration with JAMS of any dispute arising out of the transaction, and agreed that the venue for such arbitration would be in San Francisco, California.  *Towle Decl*. at ¶ 7.  On February 20, 2020, USCGP filed a Demand for Arbitration with JAMS.  *Id.* at ¶ 8.  On February 26, 2010, JAMS sent the parties a notice of commencement of arbitration and appointed an arbitrator.  *Id*.  On March 6, 2010, the Arbitrator appointed by JAMS issued an order finding that "JAMS has jurisdiction over this dispute and the parties should proceed to brief the issue of the specific emergency relief requested by Claimant, as previously ordered."  *Towle Decl*. at ¶ 9-10.

For these reasons, as set out in more detail below, the Court should dismiss or stay this action so that it may be arbitrated in accordance with the parties' agreement.  Alternatively, this Court should transfer venue to California, so that arbitration may be compelled by the United States District Court for the Northern District of California.

### PLAINTIFF AGREED TO ARBITRATION IN CALIFORNIA

The Letter of Intent provides the following with respect to the parties dispute resolution procedures:

**Dispute Resolution**

(a)     *Dispute*. Any dispute, claim, or controversy arising out of or relating to this term sheet, including the negotiation, breach, validity or performance of the term sheet, the rights and obligations contemplated by the tenn sheet, any claims of fraud or fraud in the inducement, and any claims related to the scope or applicability of this agreement to arbitrate, shall be resolved at the

request of any party to this term sheet through a two-step dispute resolution process administered by JAMS or another judicial and mediation service mutually acceptable to the parties involving first mediation, followed if necessary, by final and binding arbitration administered by a single JAMS arbitrator (the "Arbitrator") in San Francisco, California, pursuant JAMS Comprehensive Arbitration Rules & Procedures.

*See* Exhibit A to the Verified Complaint.

The Fee Agreement entered into between the parties provides the following with respect to the parties dispute resolution procedures:

**21. Dispute Resolution; Waiver of Jury Trial 21.1 Dispute Resolution** Any dispute, claim, or controversy arising out of or relating to this Agreement, including the negotiation, breach, validity or performance of the Agreement, the rights and obligations contemplated by the Agreement, any claims of fraud or fraud in the inducement, and any claims related to the scope or applicability of this agreement to arbitrate, shall be resolved at the request of any party to this Agreement through a two-step dispute resolution process administered by JAMS or another judicial and mediation service mutually acceptable to the parties involving first mediation, followed if necessary, by final and binding arbitration administered by a single JAMS arbitrator (the "Arbitrator") in San Francisco, California, pursuant to JAMS Comprehensive Arbitration Rules & Procedures.

*See* Exhibit B to the Verified Complaint.

## ARGUMENT

## POINT I

## THIS ACTION SHOULD BE DISMISSED OR STAYED FOR ARBITRATION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, an aggrieved party may compel arbitration whenever an opposing party has failed, neglected, or refused to comply with an arbitration agreement.  9 U.S.C. §§ 3-4.  The FAA manifests a liberal federal policy favoring arbitration agreements, and any doubts regarding the arbitrability of a dispute are to be resolved

in favor of compelling arbitration. *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997).

Where, as here, a governing arbitration agreement contains a mandatory forum selection clause that requires arbitration in another district, a court must either dismiss or stay the action. *E.g., Sea Spray Holdings, Ltd v. Pali Fin. Group, Inc*., 269 F.Supp.2d 356, 363 (S.D.N.Y. 2003) (*citing DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F.Supp.2d 714, 739 (S.D.N.Y. 2003); *Provident Bank v. Kabas*, 141 F.Supp.2d 310,315 (E.D.N.Y. 2001). This is because under 9 U.S.C. § 4, a federal district court lacks authority to compel arbitration outside its district. *Sea Spray Holdings, Ltd.*, 269 F.Supp.2d at 363.

As set forth above, Plaintiff's dispute with Defendants is subject to a mandatory and binding arbitration agreement requiring that this dispute be arbitrated in San Francisco, California. Accordingly, this action should be dismissed. *Sea Spray Holdings, Ltd*, 269 F.Supp.2d at 363. Alternatively, if the action is not dismissed, it should nonetheless be stayed pending arbitration. *Provident Bank*, 141 F.Supp.2d at 315.

The Seventh Circuit Court of Appeals has held that a stay is the preferable method. *Merrill Lynch, Penner, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995). This is because a dismissal "raises the disturbing spectre of forum shopping" and "undermines the certainty and predictability" of arbitration agreements. *Id*. at 330.

4

## POINT II

## ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO CALIFORNIA SO THAT ARBITRATION MAY BE COMPELLED THERE

**A.      There is a Mandatory Forum Selection Clause.**

Under 28 U.S.C. § 1406(a), a district court may dismiss or transfer any case that is filed in an improper venue.  Specifically, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The Southern District of New York is the "wrong division or district" for this action because the forum selection clause contained in the Letter of Intent and the Fee Agreement conclusively establishes that venue is proper in San Francisco, California.

For the foregoing reasons, Plaintiff's dispute with Defendants are subject to mandatory and binding arbitration, pursuant to which this dispute shall be arbitrated in California. Accordingly, if this action is not dismissed or stayed, this action was filed in the wrong venue and must be dismissed or transferred to California under 28 U.S.C. § 1406(a).

**B.       A Transfer is also Appropriate for Forum Non Conveniens.**

As established above, San Francisco, California, is the mandatory forum for this action. However, assuming for argument purposes only that Plaintiff has established venue in the Southern District of New York, venue is also proper in the United States District Court for the Northern District of California.  Venue is proper in California because all of Defendants' business is conducted in California, such that a substantial part of the events giving rise to Plaintiff's claims occurred in California.  28 U.S.C. § 139l(b) and (c).  *Towle Decl*. at ¶ 14.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of 'time, energy and money'" and to "'protect the litigants, witnesses and the public unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

The decision to grant a § 1404(a) motion to transfer venue is within the discretion of the district court and "notions of convenience and fairness are considered on a case-by-case basis." *D.H Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

When determining whether to transfer venue for the convenience of the parties, a district court may consider: (I) the Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties. *D.H Blair*, 462 F.3d at 107.

As established below, if the action is not dismissed or stayed, these factors weigh in favor of transferring this action to the United States District Court for the Northern District of California.

### 1.    Plaintiff's Choice of Forum Should Be Given Little Weight.

There is no connection between New York and the transactions at issue in the litigation. Although Plaintiff claims in the Verified Complaint that its principal place of business is located in the State of New York, documents obtained from the New Jersey, Division of Revenue and

Enterprise Services, state that CMT's main business address is located at 139 Ocean Avenue, Lakewood N.J., 08701.  *Towle Decl*. at ¶ 16.

Further, Defendants communications to Plaintiff were addressed to 1950 Rutgers University Blvd., Suite 102 Lakewood, New Jersey 08701.  *See e.g.*, the address provided in the Letter of Intent attached as Exhibit A to the Verified Complaint.

Accordingly, little weight should be given to Plaintiff's choice of forum.

**2.      The Majority of Witnesses Are Located in California.**

The most important factor in determining whether to transfer venue is the location of witnesses, especially non-party witnesses.  *Quan v. Computer Sci. Corp*., CV 06-3927 (CBA) (JO), 2008 U.S. Dist. LEXIS 1360, at *14 (E.D.N.Y. Jan. 8, 2008).

Plaintiff states in the Verified Complaint that it contacted Ms. Valerie Hapner ("Hapner"), a commercial loan officer with Forbix Financial Group, located in Los Angeles, California, to obtain financing for a property located in New Jersey.  *See* Verified Complaint, at ¶ 11.

Plaintiff claims that, in February 2019, Hapner brought the deal to Larry Perry, a commercial loan officer at Parkview Financial ("Parkview").  *Id*. at ¶ 12.  Parkview is a direct private lender that provides short-term bridge and construction loans, and is based in Los Angeles, California.  *Towle Decl*. at ¶ 20.

Defendants USCGP and the USCGP employees that were primarily involved with this transaction, Charles Towle and Ish Spencer, are all located and reside in California.  *Id*. at ¶ 7.

Accordingly, the witnesses will be greatly inconvenienced if required to travel to New York for this action.  *See, e.g., Quan*, 2008 U.S. Dist. LEXIS 1360 at * 15 (granting motion to

transfer venue from the Eastern District of New York to the Central District of California where all of defendant's employees with knowledge of the plaintiffs' claims worked in California).

### 3.     Most of the Sources of Proof Are Located in California.

As most of the witnesses required to testify reside in California, the documents in their possession are also located in California.  Accordingly, venue is more appropriate in California, where the sources of proof may be more conveniently accessed.

### 4.     Convenience of the Parties.

Residence is the touchstone for party convenience.  *See Quan*, 2008 U.S. Dist.  at * 16. USCGP's headquarters and principal office is located in San Francisco California, where all of USCGP's business is conducted.  *Towle Decl*. at ¶ 24.   Moreover, the USCGP employees primarily involved with this transaction, Charles Towle and Ish Spencer, both reside in San Francisco, California.  *Id*. at ¶ 25.   In contrast, the owner of Plaintiff CMT is the only person identified as residing in New York.  *Towle Decl*. at ¶ 26.  Accordingly, a transfer to California is appropriate if the action is not dismissed or stayed.

### 5.     Locus of Operative Facts.

The locus of operative facts is a significant consideration in determining motions to transfer venue and "[c]ourts routinely transfer cases to the district where the principal events occurred, and where the principal witnesses are located."  *Quan*, 2008 U.S. Dist. LEXIS 1360 at * 18 (internal citations omitted).

Plaintiff alleges that it sought financing from Hapner, a commercial loan officer with Forbix Financial Group, located in Los Angeles, California.  *See* Verified Complaint, at ¶ 11. The company that Plaintiff obtained financing from, Parkview Financial, is also based in Los

Angeles. *Towle Decl.* at ¶ 20. All of the due diligence, negotiations, communications, and decisions regarding the financing at issue primarily occurred in California. *Id.* at ¶ 27. Accordingly, the material events of this action occurred in California, and a transfer of venue is warranted.

**6.      Availability of Process to Compel Attendance of Unwilling Witnesses.**

At this early stage in the litigation, it is difficult to determine whether non-party witnesses will need to be compelled to appear. Yet, given the fact the material events giving rise to the litigation occurred in California and the majority of the witnesses with knowledge of relevant facts relating to Plaintiff's allegations reside in California, it is more likely that the United States District Court for the Northern District of California will have less difficulty compelling unwilling witnesses to appear rather than the Southern District of New York.

Accordingly, transfer of venue is appropriate.

**7.      Relative Means of the Parties.**

There is no indication that Plaintiff has no less relative means to litigate its claims in California. Moreover, it is Plaintiff's burden to demonstrate financial prejudice by having to litigate its claim in California. *Quan*, 2008 U.S. Dist. LEXIS 1360 at *21-22.

Based on the above factors and the mandatory venue provisions requiring litigation of Plaintiff's claims in California, if the action is not dismissed or stayed, transfer of Plaintiff's claims to the United States District Court for the Northern District of California is proper, so that that Court may compel arbitration.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that this motion be granted in all things, and that this case be dismissed in its entirety or stayed for all purposes, so that Plaintiff's claims may be arbitrated.  Alternatively, Defendants respectfully submit that this Court transfer venue of this action to the United States District Court for Northern District of California, so that arbitration may be compelled in that district.

Dated: March 9, 2020
      New York, New York

THE LAW OFFICE OF JAMES C. KELLY

By: *James Kelly*
James C. Kelly (JK-9616)
244 5th Avenue, Suite K-278
New York, N.Y. 10001
Tel: 212-920-5042
Fax: 888-224-2078
Email: jkelly@jckellylaw.com

**Counsel for Defendants US CAPITAL GLOBAL PARTNERS, LLC, and ISH SPENCER**

10