UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CMT DEVELOPERS, LLC,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>US CAPITAL GLOBAL PARTNERS,<br>LLC, and ISH SPENCER,<br><br>　　　　　Defendants. | No. 20 Civ. 1853 (JMF)(DCF)<br><br>**DECLARATION OF CHARLES V. TOWLE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR STAY FOR ARBITRATION, OR ALTERNATIVELY, TO TRANSFER VENUE** |

Charles V. Towle, under penalty of perjury, declares as follows:

1.　　I am the managing partner of Defendant US Capital Global Partners, LLC "(USCGP)" , and submit this declaration in Support Of Defendants' Motion To Dismiss Or Stay For Arbitration, Or Alternatively, To Transfer Venue.

2.　　Plaintiff CMT Developers LLC ("CMT" or "Plaintiff") has filed claims against Defendants USCGP and USCGP's employee ISH SPENCER for: (1) Fraud in the Inducement; (2) Declaratory Judgment; and (3) Conversion. *See* Verified Complaint, ¶¶ 34-50.

3.　　Attached as Exhibit A hereto is a true and correct copy of the Verified Complaint.

4.　　Plaintiff's claims are based on a "Letter of Intent" entered into between USCGP and Plaintiff in August 2019, whereby USCGP agreed to provide Plaintiff a credit facility of up to $55,000,000.  *See* Verified Complaint, ¶ 10.  The Letter of Intent provided that USCGP would be paid "Two percent (2.00%) of the total credit facility amount secured for the Company,

payable at closing, as well as two percent (2.00%) on any increases that may be secured for the Company. The minimum Banking Fee for the Term Loan Facility shall be $1,100,000." *See* Exhibit A to the Verified Complaint.

5.      Plaintiff entered into a Fee Agreement with USCGP, in September 2019. *See* Exhibit B to the Verified Complaint. Pursuant to Schedule 1 of the Fee Agreement, Plaintiff agreed to the following:

> **1.BANKING FEES** Client shall pay a contingent banking fee (the "Banking Fee") based upon the successful consummation of each of the following types of transactions, irrespective of whether the transaction was funded or sourced by USCGP or by Client or a third party. 1.1 Debt Two percent (2.00%) of the principal amount of any debt facility commitment as well as two percent (2.00%) on any increases provided to Client by any lender, including any lender now providing a debt facility or financing to Client. The Minimum Banking Fee under this paragraph [1.1] shall be one million one hundred thousand US dollars ($1,100,000.00).

6.      USCGP secured the credit facility sought by Plaintiff. Plaintiff now seeks to avoid paying the agreed upon fees.

7.      In the Letter of Intent and in the Fee Agreement, Plaintiff agreed to mandatory arbitration with JAMS of any dispute arising out of the transaction, and agreed that the venue for such arbitration would be in San Francisco, California.

8.      On February 20, 2020, USCGP filed a Demand for Arbitration with JAMS. On February 26, 2010, JAMS sent the parties a notice of commencement of arbitration and appointed an arbitrator.

9.      On March 6, 2020, the Arbitrator appointed by JAMS issued an order finding that "JAMS has jurisdiction over this dispute and the parties should proceed to brief the issue of the specific emergency relief requested by Claimant, as previously ordered."

10.     Attached as Exhibit B is a true and correct copy of the order from the JAMS arbitrator, dated March 6, 2020.

11.     For these reasons, as set out in more detail below, the Court should dismiss or stay this action so that it may be arbitrated in accordance with the parties' agreement. Alternatively, this Court should transfer venue to California, so that arbitration may be compelled by the United States District Court for the Northern District of California.

12.     The Letter of Intent provides the following with respect to the parties dispute resolution procedures:

**Dispute Resolution**

(a)     *Dispute*. Any dispute, claim, or controversy arising out of or relating to this term sheet, including the negotiation, breach, validity or performance of the term sheet, the rights and obligations contemplated by the tenn sheet, any claims of fraud or fraud in the inducement, and any claims related to the scope or applicability of this agreement to arbitrate, shall be resolved at the request of any party to this term sheet through a two-step dispute resolution process administered by JAMS or another judicial and mediation service mutually acceptable to the parties involving first mediation, followed if necessary, by final and binding arbitration administered by a single JAMS arbitrator (the "Arbitrator") in San Francisco, California, pursuant JAMS Comprehensive Arbitration Rules & Procedures.

*See* Exhibit A to the Verified Complaint.

13.     The Fee Agreement entered into between the parties provides the following with respect to the parties dispute resolution procedures:

**21. Dispute Resolution; Waiver of Jury Trial 21.1 Dispute Resolution**
Any dispute, claim, or controversy arising out of or relating to this Agreement, including the negotiation, breach, validity or performance of the Agreement, the rights and obligations contemplated by the Agreement, any claims of fraud or fraud in the inducement, and any claims related to the scope or applicability of this agreement to arbitrate, shall be resolved at the request of any party to this Agreement through a two-step dispute

3

> resolution process administered by JAMS or another judicial and mediation service mutually acceptable to the parties involving first mediation, followed if necessary, by final and binding arbitration administered by a single JAMS arbitrator (the "Arbitrator") in San Francisco, California, pursuant to JAMS Comprehensive Arbitration Rules & Procedures.

*See* Exhibit B to the Verified Complaint.

14.     All of Defendants' business is conducted in California, such that a substantial part of the events giving rise to Plaintiff's claims occurred in California.

15.     There is no connection between New York and the transactions at issue in the litigation.

16.     Attached as Exhibit C are true and correct copies of documents obtained from the New Jersey, Division of Revenue and Enterprise Services, that state that CMT's main business address is located at 139 Ocean Avenue, Lakewood N.J., 08701.

17.     Further, Defendants communications to Plaintiff were addressed to 1950 Rutgers University Blvd., Suite 102 Lakewood, New Jersey 08701.  *See e.g.*, the address provided in the Letter of Intent attached as Exhibit A to the Verified Complaint.

18.     Plaintiff states in the Verified Complaint that it contacted Ms. Valerie Hapner ("Hapner"), a commercial loan officer with Forbix Financial Group, located in Los Angeles, California, to obtain financing for a property located in New Jersey.  *See* Verified Complaint, at ¶ 11.

19.     Plaintiff claims that, in February 2019, Hapner brought the deal to Larry Perry, a commercial loan officer at Parkview Financial ("Parkview").  *Id.* at ¶ 12.

20.     Parkview is a direct private lender that provides short-term bridge and construction loans, and is based in Los Angeles, California.

21.     Defendant USCGP and the USCGP employees who were primarily involved with the transaction with Plaintiff, Ish Spencer and I, are all based and reside in California.

22.     Accordingly, the witnesses will be greatly inconvenienced if required to travel to New York for this action.

23.     As most of the witnesses required to testify reside in California, the documents in their possession are also located in California.

24.     USCGP's headquarters and principal office is located in San Francisco California, where all of USCGP's business is conducted.

25.     Moreover, the USCGP employees primarily involved with this transaction, Ish Spencer and I, both reside in San Francisco, California.

26.     In contrast, the owner of Plaintiff CMT is the only person identified as residing in New York.

27.     All of the due diligence, negotiations, communications, and decisions regarding the financing at issue primarily occurred in California.

28.     There is no indication that Plaintiff has no less relative means to litigate its claims in California.

29.     I declare under penalty of perjury that the foregoing is true and correct.


Dated: _03/09/2020_____          By:_____
                                     Charles V. Towle